

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*open court*
*copy*
*9/28/06*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 18, 2006

Fred B. McAlary, Jr., Esq.
10 Main Street, Suite L-9
Andover, MA 01810

    Re: <u>United States v. David S. Tamaren</u>, Criminal No. 05-10010-NMG

Dear Mr. McAlary:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, David S. Tamaren ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, but in no event later than September 26, 2006, Defendant shall plead guilty to Count 42 of the above-captioned Indictment, in which he is charged with conspiracy to commit mail, wire and health insurance fraud, in violation of 18 U.S.C. § 371. Defendant expressly and unequivocally admits that he in fact knowingly and intentionally committed the crime charged in Count 42 of the Indictment and is in fact guilty of that offense. The U.S. Attorney agrees to dismiss Defendant from the remaining counts of the Indictment at the time of sentencing.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties: a five year term of imprisonment, a $250,000 fine, a three year term of supervised release, and a $100 special assessment.

    3.    <u>Sentencing Guidelines</u>

    The parties will take the following positions at sentencing with respect to the application

of the United States Sentencing Guidelines:

    (a)    The parties agree to take the position that the base offense level is six (6) pursuant to USSG §§ 2X1.1 and 2B1.1(a).

    (b)    Defendant admits, and the U.S. Attorney agrees, that Defendant is responsible for a total loss of at least $10,000 but less than $30,000, resulting in a four (4) level increase pursuant to USSG §2B1.1(b)(1)(C).

    (c)    Defendant admits, and the U.S. Attorney agrees, that Defendant used a special skill and abused a position of public or private trust in a manner that significantly facilitated the commission of the offense, resulting in a two (2) level increase pursuant to USSG §3B1.3.

    (d)    Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two (2) levels Defendant's Adjusted Offense Level under USSG. §3E1.1.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

    (i)    fails to admit a complete factual basis for the plea;

    (ii)    fails to truthfully admit his conduct in the offenses of conviction;

    (iii)    falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (iv)    fails to provide truthful information about his financial status;

    (v)    gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (vi)    engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

    (vii)    intentionally fails to appear in Court or violates any condition of release;

    (viii)    commits a crime;

    (ix)    fails to provide truthful information about his financial status; and/or

    (x)    attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. Agreed Disposition

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

    (a)    a 36-month term of probation, one condition of which shall be that the Defendant refrain from practicing medicine while he is on probation, and two other conditions of which shall be that the Defendant spend the first six months in home detention and do 240 hours of community service;

    (b)    a $10,000 fine;

    (c)    restitution; and

    (d)    a mandatory special assessment of $100.

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

    (1)    Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions

or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7. Waiver of Hyde Amendment Claim

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that he might assert under this statute based in whole or in part on the U.S. Attorney's agreement in paragraph 1 to dismiss Defendant from counts 1-41.

8. Probation Office Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

4

11. <u>Withdrawal of Plea By Defendant</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Gregg Shapiro.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *Laura J. Kaplan /dcf*
LAURA J. KAPLAN, Chief
Violent & Organized Crime Section


WILLIAM D. WEINREB
GREGG SHAPIRO
JEREMY STERNBERG
Assistant U.S. Attorneys

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
DAVID S. TAMAREN
Defendant
Date: 9/28/06

I certify that David S. Tamaren has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
FRED B. McALARY, JR.
Attorney for Defendant
Date: 9/28/06